John Herbert ORR and Elizabeth G. Orr, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 619-E.

United States District Court
M. D. Alabama, E. D.

Dec. 19, 1963.

C. C. Torbert, Jr., and John V. Denson, II, of Samford & Torbert, Opelika, Ala., and Edward M. Selfe, of Bradley, Arant, Rose & White, Birmingham, Ala., for plaintiffs.

Ben Hardeman, U. S. Atty., and Rodney R. Steele, Asst. U. S. Atty., Montgomery, Ala., Louis F. Oberdorfer, Asst. Atty. Gen., and Edward S. Smith, George A. Hrdlicka, and O. Jan Tyler, Attys., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

JOHNSON, District Judge.

This cause is submitted upon the issues as reflected by the pretrial order of this Court made and entered herein on November 4, 1963, and amended by the stipulation of the parties filed herein on November 18 and November 27, 1963. Upon this submission this Court now, in this memorandum opinion, makes the appropriate findings of fact and conclusions of law.

This action for a refund of federal income taxes, and interest paid thereon, for the calendar years 1957 and 1958 originally raised two issues, but the first issue, which related to the value of certain stock, has been disposed of by the stipulation of the parties filed herein on November 27, 1963. The sole issue remaining for this Court to decide is whether certain items may be deducted by the taxpayers as charitable contributions.

During the years 1957 and 1958, John Herbert Orr served as a member and as chairman of numerous boards and committees of the Methodist Church and traveled extensively in order to carry out his duties in these capacities.

In the year 1957, Orr used his automobile exclusively for the said religious purposes until this car was traded in July. The automobile acquired and owned in July was used 57.99 per cent of the total miles traveled for the said religious purposes, while 39.53 per cent was for busi-

ness use and 2.48 per cent was for personal use.

In the year 1957, Orr used his airplane 79.73 per cent of the total operational log time for said religious purposes, while 13.41 per cent was for business use and 6.86 per cent was for personal use.

For the year 1957, Orr and his wife, Elizabeth G. Orr, filed a joint return and claimed a charitable contribution of $24,115.13. Included in this amount was a proportionate share of the total depreciation and insurance costs for the said automobiles and airplane, computed according to the above stated percentages as follows:

| | |
|---|---|
| Airplane depreciation | $1,219.87 |
| Airplane insurance cost | 899.39 |
| Automobile depreciation | 1,116.74 |
| Automobile insurance cost | 41.03 |
| | $3,277.03 |

This said amount of $3,277.03 was disallowed as a charitable contribution by the Internal Revenue Service.

In the year 1958, Orr served as a member and chairman of numerous boards and committees of the Methodist Church, which is a " * * * corporation * * * organized and operated exclusively for religious * * * purposes * * * " within the meaning of Section 170(c) (2) (B), Internal Revenue Code of 1954, and Orr traveled extensively in order to carry out his duties in these capacities.

In the year 1958, Orr used his automobile 81.50 per cent of the total miles traveled for said religious purposes, while the remaining use of 18.50 per cent was for business purposes.

In the year 1958, Orr used his airplane 15.54 per cent of the operational log time for said religious purposes while 48.84 per cent was for business use and 35.62 per cent was for personal use.

For the year 1958, Orr and his wife, Elizabeth G. Orr, filed a joint return and claimed a total of $27,916.32 as a charitable contribution. Included in this amount was a proportionate share of the total depreciation, insurance, registra-

tion fee, and repairs on the said automobile and airplane, computed according to the above stated percentages as follows:

| | |
|---|---|
| Airplane depreciation | $1,032.17 |
| Airplane insurance | 175.33 |
| Airplane registration fee | .62 |
| Airplane repairs | 23.97 |
| Automobile depreciation | 1,475.17 |
| Automobile insurance | 52.86 |
| | $2,760.12 |

This said amount of $2,760.12 was disallowed as a charitable contribution by the Internal Revenue Service.

The Commissioner of Internal Revenue determined that Orr's deductions for charitable contributions should be reduced by the amount claimed for depreciation, insurance, and repairs. The remainder of the items claimed by Orr as charitable contributions were allowed. Subsequent to the disallowance of these items, the taxpayers paid the deficiency resulting from said disallowance; claims for refunds were timely filed, and statutory notices of disallowance of both claims were subsequently issued, and this action was timely filed by the taxpayers in this Court. Thus, the only question now presented in this case is whether taxpayers may deduct as charitable contributions a pro rata amount of depreciation, insurance, and repairs on an airplane and an automobile which were used in connection with taxpayers' lay religious activities in the Methodist Church.

The general provisions of the Internal Revenue Code of 1954 that are applicable to charitable contributions are:

"SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS.

"(a) *Allowance of Deduction.*—

"(1) General rule.—There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary or his delegate.

\* \* \* \* \* \*

"(c) *Charitable contribution defined.*—For purposes of this section, the term 'charitable contribution' means a contribution or gift to or for the use of—

\* \* \* \* \* \*

"(4) In the case of a contribution or gift by an individual, a domestic fraternal society, order, or association, operating under the lodge system, but only if such contribution or gift is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals." (26 U.S.C., 1958 ed., Sec. 170)

The pertinent provisions of the income tax regulations herein applicable are:

" \* \* \* unreimbursed expenditures made incident to the rendition of services to an organization contributions to which are deductible may constitute a deductible contribution."

And further:

" \* \* \* out-of-pocket transportation expenses necessarily incurred in rendering donated services are deductible." (Income Tax Regulations Section 1.170–2(a) (2)

■ Based upon the legislative history and consistent interpretation and application by the Internal Revenue Service of the United States of the provisions relating to deductions for charitable contributions, this Court finds and concludes that the plaintiff taxpayers are not entitled to a charitable contribution deduction for prorated depreciation, insurance, or repairs on the automobiles and the airplane used in connection with John Herbert Orr's donated services to the Methodist Church. This consistent interpretation by the Internal Revenue Service was followed in this case. Taxpayers were allowed to deduct for such "out-of-pocket transportation expenses necessarily incurred in rendering donated services" to the Methodist Church. The claim of taxpayers for an allocated portion of depreciation, insurance, and repairs does not represent "payments" made "to or for the use of" charity.

As to the aspect of the claim which concerns depreciation, it must be observed that a depreciation deduction is nothing more than a fictitious method whereby a businessman is permitted to recover the cost of an income producing asset over the period of its useful life. The deduction as authorized is not dependent upon a "payment" during any given year the deduction is allowed. Therefore, depreciation of an asset that has been put to the use of charity does not constitute a "payment" to charity and cannot qualify as a deduction under Section 170.

As to the deduction claimed for insurance expense, it is basic that such expense is deductible solely as a business expense. It is never deductible as a personal expense. Liability and property damage insurance are basically for the protection and benefit of the insured. The Methodist Church could never possibly benefit from the insurance on the airplane and the automobiles. The taxpayers' argument that this insurance inured to the benefit of the Methodist Church because the Church might have been liable if the taxpayers had injured any third party while performing this charitable service is untenable. As was observed in the case of depreciation, insurance expense cannot qualify as a charitable contribution since it did not represent a "payment" to or for the benefit of the Methodist Church.

■ As to repairs, when the repairs are performed upon an automobile that is used exclusively for purposes of charity as was true in the case of the one of John Herbert Orr's automobiles used during the year 1957, the payments for repairs do constitute "payments" for the use of charity. However, when the automobiles and the airplane are used only in part for charitable purposes and in part for personal purposes, the repairs cannot be attributable to the partial charitable use. In such instances, the

repairs are necessary to maintain the noncharitable or personal use of the automobiles and airplane, and such repairs are made primarily for the benefit of the owner, who has complete control over the use of the automobiles and airplane. Thus, the claimed deductions for repairs were not "payments" within the meaning of the statute.

For the foregoing reasons, and for good cause, it is the ORDER, JUDGMENT and DECREE of this Court that the plaintiffs have and recover nothing of the defendant in this cause. It is the further ORDER, JUDGMENT and DECREE of this Court that the costs incurred in this proceeding be and they are hereby taxed against the plaintiffs, for which execution may issue.